# THE MARKS LAW FIRM, P.C.

October 13, 2023

**MEMO ENDORSED**

**FILED VIA ECF**
JUDGE EDGARDO RAMOS
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Tel (212) 805-0294

      RE:    <u>Altaune Brown v. SJCRIV, Inc and 201 Clinton Street Realty Inc.</u>
      **Index:**    1:23-CV-3522 (DEH)(GS)

Dear Judge Stein,

      Plaintiff respectfully request an appearance before Your Honor to adjudicate the discovery issues in accordance with Section II(c) ("Discovery Disputes") of Your Honor's Individual Part Rules and SDNY Local Civil Rule 37.2.

      On September 22, 2023, Plaintiff served its Rule 26 Initial Disclosures, First Request for Interrogatories and First Request to Produce (Exhibit A) upon Defendant 201 CLINTON STREET REALTY INC. in accordance with your Honor's Case Management Plan and Scheduling Order. As a reminder, ANNA PIZZERIA CLINTON INC. has yet to appear. To date, Plaintiff still has not received any response to the Discovery Demands whatsover, nor has defendants objected or moved for a protective order. Plaintiff requires responses to its September 22, 2023 Discovery Demands in order to prepare for depositions and in order to comply with other discovery deadlines in the interim, as set forth in Your Honor's Case Management Plan [Dkt. 32] and will be prejudiced if the requested discovery is not provided.

      On December 6, 2023, Plaintiff sent a discovery deficiency notice to Defendant, 201 CLINTON STREET REALTY INC., outlining this discovery issues, with details as to the Defendants' noncompliance with discovery deadlines and requested a meet and confer to resolve the discovery dispute. Defendants counsel did not reposnd to our request to meet and confer, but instead responded on December 6, 2023 that, in sum, "There is no reason to waste the court's time." And "Will get the management agent to put all the information together and forward it to your office." However, to date (12 days later) our office has not received any response whatsoever, nor has Defendant provided good cause at all for not responding, resulting in no other choice but to file this request. At this point It should be noted Defendants Counsel did respond as well stating, in essence, "Kindly advise if Mr. Hakki Akdeniz/Anna Pizzeria Clinton has contacted your office as per his promise." That leads us to believe they have been in touch and that the discovery schedule may be affecte by a later appearing Defendant. That is the reason why Planitiff has not proeceeding further with the default motion, beyond the certificate of default.

155 East 55 Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

THE MARKS LAW FIRM, P.C.

Moreover, Defendants have failed to interpose any discovery demanads whatsover by November 2, 2023 whatsoever pursuant to the negotiated and so-orderd Case Management Plan [Dkt. 32] and should be precluded from doing so at this time. In a nearly identicle fact pattern, in which a Defendant failed to timely serve discovery demands whatsoever, Judge Schofield granted such reqeust. *See Graciela Doncouse v. LNC Wellness LLC*, Index 1:23-cv-03228-LGS, Docket 31 (SDNY October 5, 2023).

Defendant's failure to produce discovery responses without any justification is highly prejudicial to Plaintiff. Therefore, Plaintiff respectfully requests a conference with Your Honor to adjudicate the discovery issues by obtaining the necessary discovery, encourage Defendant to comply with this courts rules and Orders, extending the deadlines to complete discovery as needed. The Defendants will not be prejudiced by such extensions to respond to Plaintiff's Discovery Demands, but instead will benefit by not delaying this case further.

We thank you and the Court for its time and consideration.

Respectfully Submitted,

The Marks Law Firm, P.C.

By: _____
Bradly G. Marks

Application granted. Having considered Plaintiff's letter, and given the appearing defendant's failure to timely respond to it, the Court will consider the matters raised therein at the January 9, 2024 video status status conference.

Dated: December 27, 2023
          New York, New York

SO ORDERED:

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE

155 East 55 Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

THE MARKS LAW FIRM, P.C.

# EXHIBIT A

155 East 55 Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAUNE BROWN<br><br>                    Plaintiff,<br>     v.<br><br>ANNA PIZZERIA CLINTON INC. AND<br>201 CLINTON STREET REALTY INC.,<br><br><br>                    Defendants. | **PLAINTIFF'S RULE 26 INITIAL DISCLOSURES PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Case No.: 1:23-cv-03522-JLR-GS |

Pursuant to FRCP Rule 26, the Plaintiff, ALTAUNE BROWN, by and through his counsel, The Marks Law Firm, P.C. sets forth the following as the disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and reserves all rights to amend or supplement these disclosures as discovery proceeds.

The foregoing list of documents will be supplemented and amended as the parties are in the process of retrieving information. It is expected that additional evidence will be discovered during the litigation process.

**INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

i.   **The name, address and telephone number of each individual likely to have discoverable information:**

**DISCLOSURE:**

Plaintiff's initial disclosure is made without the benefit of any discovery. Plaintiff reserves the right to amend its disclosures to add additional witnesses.

a. Plaintiff, ALTAUNE BROWN, has information regarding the facts and circumstances underlying his claim in this action and the damages sought.

   ALTAUNE BROWN
   c/o The Marks Law Firm, PC
   155 East 55th St, Suite 4H
   New York, NY 10022

b. Plaintiff believes that Defendant, ANNA PIZZERIA CLINTON INC. and their agents, are likely to have information regarding Plaintiff's allegations.

   ANNA PIZZERIA CLINTON INC.

      201 Clinton Street
      New York, NY 10002

c. Plaintiff believes that Defendant, 201 CLINTON STREET REALTY INC. and their agents, are likely to have information regarding Plaintiff's allegations.

      201 CLINTON STREET REALTY INC.
      c/o Law Office of Ruben T. Montejo
      277 Broadway, Suite 701
      New York, NY 10007

The information includes full knowledge of dispute from, construction history, renovation history, ADA guidelines compliance, their architects, engineers, contractors, employees and agents, financials, documents, procedures, and claims regarding the allegations.

**ii.** **<u>Copies of all documents the disclosing party may use to support its claims:</u>**

**<u>DISCLOSURE:</u>**

Plaintiff's initial disclosure is made without the benefit of any discovery. Therefore, Plaintiffs reserve the right to amend disclosures to add additional documents considering the defendants are in possession of many of the documents.

    a. Documents are in the possession and control of Defendants.

**iii.** **<u>A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.</u>**

**<u>DISCLOSURE:</u>**

Plaintiff's initial disclosure is made without the benefit of any discovery. Plaintiff reserves the right to amend disclosures as to computation of any category of damages claimed. Plaintiff is seeking:

    a.    The Plaintiff demands compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

    b.    Pursuant to 42 U.S.C. §1288, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights

          law, and closing the Subject Facilities until the requisite modifications are completed.

    c. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have HIS reasonable attorneys' fees costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

    d. Plaintiff prays for judgment pursuant to N.Y. Exec. Law §297, including compensatory damages contemplated by §297(4)(c).

iv. **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the Judgment.**

**DISCLOSURE:**

Plaintiff is not in possession of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the Judgment.

Dated: September 22, 2023
New York, New York

Respectfully submitted,

THE MARKS LAW FIRM, P.C.

By: _____
Bradly G. Marks, Esq
155 East 55th St, Suite 4H
New York, NY 10022
T: (646) 770 – 3775
brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAUNE BROWN<br><br>                             Plaintiff,<br>   v.<br><br>ANNA PIZZERIA CLINTON INC. AND<br>201 CLINTON STREET REALTY INC.,<br><br>                            Defendants. | **PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES**<br><br>Case No.: 1:23-cv-03522-JLR-GS |

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, ALTAUNE BROWN, by and through his counsel, The Marks Law Firm, PC, serves the following interrogatories upon the Defendant, 201 CLINTON STREET REALTY INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and Civ. RULE 33.1.

1. Provide the name, address, telephone number, place of employment and job title of all persons who have, claims to have or whom you believe to have knowledge or information pertaining to any act alleged in the pleadings (as defined in FRCP 7(a)), filed in this action, or facts underlying the subject matter of this action.

2. Identify all employees who were employed and scheduled to work on the date of occurrence described in the summons and complaint at the Premises.

3. State the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory number 1 may have.

4. Identify all architects retained by Defendants from January 1, 1990, though date of this demand as related to the Premises.

5. Identify all construction contractors retained by Defendants from January 1, 1990, though

      date of this demand as related to the Premises.

6. State the names, addresses, representatives of all entitled that own or operate any part of the public accommodations described in the Complaint and state the specific nature of that entity's interest in the premises.

7. State in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

8. Identify all documents related to the ownership and operation of the Premises, including pertinent insurance agreement, deeds, and leases pertaining to the facts alleged in the Complaint.

      **PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order precluding Defendant from offering any evidence at the trial of the above action for which particulars have not been furnished.

      **PLEASE TAKE NOTICE** that you <u>are under a continuous obligation to supplement to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e)</u>

Dated:  September 22, 2023
         New York, New York

THE MARKS LAW FIRM, P.C.

By: _____
    Bradly G. Marks, Esq
    155 East 55th St, Suite 4H
    New York, NY 10022
    T: (646) 770 – 3775
    brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAUNE BROWN<br><br>                    Plaintiff,<br>   v.<br><br>ANNA PIZZERIA CLINTON INC. AND<br>201 CLINTON STREET REALTY INC.,<br><br>                    Defendants. | **PLAINTIFF'S FIRST REQUEST TO PRODUCE**<br><br>Case No.:  1:23-cv-03522-JLR-GS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, ALTAUNE BROWN, by and through his counsel, The Marks Law Firm, PC, serves the following **REQUEST TO PRODUCE** upon the Defendant, 201 CLINTON STREET REALTY INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to FRCP Rule 34.

## DEFINITIONS

1. "ADA" shall mean and refer to the Americans with Disabilities Act, 42 U.S.C § 12181-12189.

2. "And" and "or," embrace both the conjunctive and disjunctive, as circumstances may make appropriate.

3. "Document," "documents," and "documentation" are intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure, and include, without limitation, all communications, as well as all letters, correspondence, memoranda, notes, telegrams, pamphlets, manuals, reports, ledgers, records, studies, books, working papers, diaries, calendars, charts, papers, drawings, plans, blueprints, specifications, sketches,

graphs, data sheets, data processing cards, tapes, sound recordings, and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry, including electronic mail or correspondence via computer; however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received; and documents which are now or were formerly in your possession, custody, or subject to your control, including all documents stored at any warehouse or storage facility. You need not produce identical copies of documents. However, handwritten, or other notations of any kind on a copy of a document render such a document nonidentical and subject to production. Further, the term "document," "documents," or "documentation," shall include all pages, attachments, and inclusions or enclosures, whether in draft or final form.

4. Identify," "identification," or "listing," when referring to a natural person or employee, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, his or her present or last known home address, his or her present or last known business affiliation and address, title, and occupation, and a telephone number where that person can be reached. With respect to a corporation or other entity which is not a natural person, the full name of such organization or entity, the form of such organization (i.e., corporation, partnership, etc.) and the address of the principal office or place of business of such organization or entity.

5. "Premises" shall be defined as the location and real property located at 201 Clinton Street, New York, NY 10002.

6. "Person," unless otherwise specified, means a natural person, firm, partnership, trust, estate, association, corporation, proprietorship, governmental body, governmental agency, commission, or any other organization or entity.

7. "Reflecting," "referring to," or "relating to," means discussing, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, explaining, considering recommending, concerning or pertaining to, in whole or in part.

8. "ADA Standards" shall mean and refer to each of 28 C.F.R. pt. 36 Appendix A; 28 C.F.R. pt. 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

9. "NY Accessibility Standards" shall mean and refer to each of Subchapter Four Subarticle Two of the 1968 New York City Building Code (Local Law 58 of 1987) and Chapter 11 of the 2008 New York City Building Code all referenced standards noted in each of the foregoing.

10. "DOB" shall mean and refer to the New York City Department of Buildings.

## PRODUCTION INSTRUCTIONS

1. In producing documents in response to the attached request, you are requested to identify and furnish all documents in your possession, custody, or control, or in the possession, custody, or control of your employees, representatives, and agents, including non-privileged documents in the possession, custody, or control of counsel.

2. Wherever or whenever responsive information relating to any Document or answer to Document is withheld on the claim of privilege, state the basis for the claim or privilege. If such claim of privilege relates to a Document, identify the author, addressee, and all

recipients of copies of the Document, setting forth the date and general subject matter thereof, and state the basis for the claim for privilege. Whenever a claim or privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof, and state the basis for the claim of privilege.

3. If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

4. In the event that any document called for by the attached request has been destroyed, discarded, transferred, or otherwise disposed of, that document is to be identified as completely as possible, including, but not limited to, the following information: its date; its author; a description of the type of document; the names and job titles of all addressees; and all other persons to whom the document was distributed; a summary of the content of the document; a description of its attachments or appendices; the date of disposal; the reason for disposal; the names and job titles of all persons who authorized disposal; and the names and job titles of all persons who disposed of the document.

5. Each Document calls for not only your knowledge, belief, and information, but also for knowledge, belief, and information available to you by reasonable inquiry, including inquiry of your representatives, attorneys and others' acting on your behalf.

6. In providing the documents responsive to the attached request, you are asked to organize and label the documents so as to identify the request(s) to which they are responsive.

7. The obligation to produce documents or things responsive to the Request continues in nature. If, at any time, Defendants learn that the disclosure or response is incomplete or

incorrect, and if the additional or corrective information or document has not otherwise been made known to Defendants during the disclosure process, Defendants must supplement or correct the disclosure or response immediately.

## NOTICE DECLINING SERVICE BY MEANS OF ELECTRONIC OR FACSIMILE TRANSMITTAL

**PLEASE TAKE NOTICE**, that pursuant to FRCP, the undersigned will not accept service of papers, notices, motions, by facsimile (fax), electronic transmittal or by any other electronic means.

## DEMAND FOR DOCUMENTS

1. Produce the deed to the Premises described in the complaint.
2. Produce the lease, if any, for the Premises described in the complaint.
3. Produce all leases entered between the Defendants, if any, for the Premises described in the complaint.
4. Produce all documents which reflect and/or relate to all remodeling of, construction on, and/or alterations to the Premises and the buildings thereon, which are the subject of this action from January 1, 1990, through date of this demand.
5. Produce all contracts, work orders, receipts, reports, architectural plans, and agreements reflecting and/or relating to the remodeling of, renovation of, construction on and/or alterations to the Premises and the building thereon, which are the subject of this action from January 1, 1990, through date of this demand.
6. Produce all architect and/or engineer reports, plans and studies from January 1, 1990, through date of this demand relating to modifications needed and/or performed to the Premises and the buildings thereon in order to comply with the ADA.
7. Produce all documents which reflect and/or relate to all sums paid by or on behalf of

   Defendants and/or its predecessors in interest for the remodeling of construction on and/or alteration to the Premises and the buildings thereon which are subject of this complaint from January 1, 1990, through date of this demand.

8. Produce all building permits applied for and/or obtained from January 1, 1990, through date of this demand with regards to the Premises subject to this litigation.

9. Produce all preliminary, draft, amended, and corrected surveys, architectural plans, drawings, designs (including feasible studies), construction plans, zoning studies, studies and/or surveys which relate to applications to the DOB (including correspondence, notes, comments, objections, response to objections, feasibility studies and inspection reports), for or relating to the Premises.

10. Produce all documentation relating to, referring to, or reflecting waivers being sought, waivers being granted, and waivers being denied by the DOB, or any other New York City agency or official that in any way impacts upon accessibility for persons with disabilities for the Premises.

11. Produce all documents and reports which reflect and/or relate to all work, if any, considered, planned and/or undertaken by or suggested to the defendants and/or its predecessors in interest since January 1, 1990, regarding the Premises which is subject to this litigation, in order to modify it so that is complies with the requirements of the Americans with Disabilities Act.

12. Produce all internal or third-party analysis, studies, or notes relating to the compliance of the design and construction of the Subject Property with each of the ADA Standards and the NY accessibility Standards.

13. Produce all documents relating to, referring to, or reflecting compliance with each of the

    ADA Standards and the NY Accessibility Standards including any type(s) of checklist(s) for compliance with the ADA Standards and NY Accessibility Standards (including all completed or partially completed checklists) for the Premises.

14. Produce all documents relating to, referring to, or reflecting review, consideration, advice or information about wheelchair accessible entrances, wheelchair accessible sales and service counters, wheelchair accessible reach ranges, wheelchair accessible restrooms, wheelchair accessible routes, wheelchair accessible tables, bars and seating or changes to entrances in order to comply with the ADA Standards and the NY Accessibility Standards for the Premises.

15. Produce all documents which reflect the defendants and/or its predecessor(s) in interest's gross revenue derived from the Premises for each year from January 1, 1990, to date including, without limitation, tax returns, income statement, and application and/or information provided to lenders.

16. Produce all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of Defendants and/or its predecessor(s) in interest regarding the Premises for each year from January 1, 1990, through date of this demand.

17. Produce all documents, which reflect and/or relate to the amount expended to modify the Premises to assure their compliance with ADA since January 1, 1990.

18. All documents which reflect Defendants' compliance with the ADA from an expert or government agency.

19. All notices, demands and/or violations received by Defendants and/or its predecessor(s) in interest, and/or their representative(s), from an individual, entity and/or county, municipal or other government agency which reflect and/or relate to ADA violations,

violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or lack thereof.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish said interrogatories within said period of thirty (30) days, a motion will be made for an order precluding Defendant from offering any evidence at the trial of the above action for which particulars have not been furnished.

**PLEASE TAKE NOTICE** that you <u>are under a continuous obligation to supplement to supplement your answers under the circumstances specified in Fed.R.Civ.P. 26(e)</u>

Dated: September 22, 2023
     New York, New York

                              THE MARKS LAW FIRM, P.C.

By: _____
    Bradly G. Marks, Esq
    155 East 55th St, Suite 4H
    New York, NY 10022
    T: (646) 770 – 3775
    brad@markslawpc.com